***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-30516
03-MAY-2012
08:50 AM

NO. SCWC-30516

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

LAWRENCE PAI, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30516; CASE NO. 1DTA-10-00706)

AMENDED SUMMARY DISPOSITION ORDER[1]
(By: Recktenwald, C.J., Nakayama, Duffy, and McKenna, JJ.;
with Acoba, J., dissenting)

Petitioner Lawrence Pai ("Pai") seeks review of the

Intermediate Court of Appeal's July 14, 2011 Judgment on Appeal,

entered pursuant to its June 14, 2011 Summary Disposition Order,

which affirmed the District Court of the First Circuit's April 9,

2010 Order and Notice of Entry of Order.  The District Court

adjudged Pai guilty of Operating a Vehicle Under the Influence of

an Intoxicant, in violation of Hawaiʻi Revised Statutes ("HRS")

_____

[1]  This document was initially inadvertently filed on May 2, 2012.

§ 291E-61(a)(3)(2007).[2]  We accepted Pai's application for writ of certiorari and now affirm the ICA's Judgment on Appeal.

On certiorari, Pai contends that the ICA gravely erred in holding that mens rea need not be alleged in an HRS § 291E-61(a)(3) charge.  In State v. Nesmith, we agreed that mens rea need not be alleged (or proven) in an HRS § 291E-61(a)(3) charge, as the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears.  State v. Nesmith, ____ Hawaiʻi ___, ___ P.3d ____ (2012).  Therefore, the ICA did not gravely err in so holding.

IT IS HEREBY ORDERED that the ICA'S Judgment on Appeal is affirmed.

DATED:  Honolulu, Hawaiʻi, May 3, 2012.


Timothy I. MacMaster                    /s/ Mark E. Recktenwald
for petitioner/
defendant-appellant                     /s/ Paula A. Nakayama

Keith M. Kaneshiro,                     /s/ James E. Duffy, Jr.
Prosecuting Attorney,
and Anne K. Clarkin,                    /s/ Sabrina S. McKenna
Deputy Prosecuting Attorney,
for respondent/plaintiff-
appellee

---

    [2]  HRS § 291E-61(a)(3) provided at the time of the alleged offense, "A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]ith .08 or more grams of alcohol per two hundred ten liters of breath[.]"